

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 25, 1969

Mr. Norman Manning
County Attorney
Williamson County
Georgetown, Texas

Opinion No. M- 458

Re: Specialized Motor Carrier
Certificate No. 15465;
Interpretation of Certificate
with Respect to the Trans-
portation of Lime

Dear Mr. Manning:

You have requested an opinion of this office as to the following:

1. Does the term "any material", as it is used in the first
line of Specialized Motor Carrier Certificate No. 15465,
include lime?

2. Does the phrase "to any construction jobsite or processing
plant in Texas", as it is used in Specialized Motor Carrier
Certificate No. 15465, allow the holder of this certificate
to transport lime to:

   (a) any oil and gas refining company in Texas;

   (b) the Union Carbide processing plant located
   near Houston, Texas;

   (c) any steel processing plant;

   (d) any and all cities in Texas for the treatment of
   water processed by the cities for public consumption;

   (e) any processing plant where lime is used for acid
   purification; or

   (f) any processing plant?

- 2274 -

   3. Does Specialized Motor Carrier Certificate No. 15465
      allow the carrier to haul lime from points of origin
      other than Williamson County to any "processing plant
      in Texas or other place in Texas desired by the receiver
      or shipper of such commodity" when the carrier passes
      through Williamson County?

The certificate to which your inquiry relates, Specialized Motor Carrier Certificate No. 15465, authorizes Walter Miller to operate as a specialized motor carrier within the State of Texas:

   "TO TRANSPORT: ANY MATERIAL (OTHER THAN SAND)
   USED IN THE CONSTRUCTION OF A FLEXIBLE BASE FOR
   HIGHWAYS OR ROADS, in bulk, in dump or hopper vehicles,
   from any pit, railhead, railroad siding, stockpile, crushing
   plant or other source of supply in Texas, to any construction
   jobsite or processing plant in Texas or other place in Texas
   desired by the receiver or shipper of such commodities
   where the distance from the point of origin to the point of
   destination is not greater than three hundred fifty (350) miles;
   requiring the use of special devices, facilities and equipment
   for their loading, unloading and transportation because of
   their physical characteristics;

   LIME, in bulk, in dump, hopper tanks with auger expulsion
   vehicles, from the location of the White Stone Lime Company
   near Leander, Texas, to all points in Texas."

In construing a certificate of public convenience and necessity granted a motor carrier, consideration should be given to the carrier's application to the Commission and the Commission's Order.  State v. Bilbo, 392 S. W. 2d 121 (Tex. Sup. 1965); Dye Trucking Company v. Miller, 397 S. W. 2d 507 (Tex. Civ. App., 1966, error ref. n. r. e.).  Therefore, the history of SMC No. 15465 should be briefly outlined before attempting an answer to your questions.

As originally granted in 1955, Certificate No. 15465 authorized the intrastate transportation of certain specifically enumerated commodities and "any other material used in the construction of a flexible base for highways or roads." By amendment in 1958 the list of authorized commodities was expanded and the authority to transport lime was separately and independently set out in the certificate.  Prior to this amendment, lime was not mentioned in the list of commodities that could be transported under this certificate.

After 1958, the history of Certificate No. 15465 consists of a series of amendments designed to segregate those commodities enumerated in the certificate and incorporate them in new certificates. However, that part of Certificate No. 15465 authorizing the transportation of lime has never been changed.

Thus, it can be seen that the authority presently contained in Certificate No. 15465 is merely the residual of what had originally been granted the carrier; all of the other authority had been carved out of Certificate No. 15465 to create new and separate certificates.

While lime can be used in the construction of a flexible base for highways or roads, it appears from reviewing the history of Certificate No. 15465 that neither the applicant nor the Commission intended that the authority to transport lime be included in the broad descriptive phrase "any material used in the construction of a flexible base for highways or roads". This intent is clearly evidenced by the fact that they set out the authority to transport lime separately and independently from the general authority, thereby, in effect removing lime from within the scope of the general authority. We, therefore, answer your first question in the negative. This is in keeping with the rule that orders or permits of the Railroad Commission are to be construed as statutes and, as in the construction of statutes, the specific prevails over the general. Brown, Inc., v. Missouri-Kansas-Texas Railroad Co., 256 S. W. 2d 135 (Tex. Civ. App., 1935, error ref., n. r. e.).

To reach any other determination would, in effect, allow new operating authority to arise without notice and a showing of public convenience and necessity. This could happen, for example, when a carrier transfers a commodity specifically named in his certificate to another carrier, the latter having never shown public convenience and necessity, yet continues to transport that same commodity under the broad generic language contained in his certificate.

Your second question asks whether the phrase "to any construction jobsite or processing plant in Texas" allows the holder of this certificate to transport lime to the various specific destinations named in your question, apart from the specific provision relating to lime only. The general authority is inapplicable to the movement of lime and, as stated in our determination of your first question, lime can move only under the authority set out in Certificate No. 15465 as it now reads specifically relating to that commodity. This specific authority authorizes the transportation of lime to "all points in Texas."

In answer to your third question, the certificate only authorizes the transportation of lime from the location of the White Stone Lime Company near Leander, Texas, to all points in Texas. The transportation of lime from any other origin is unauthorized.

The conclusions expressed in this opinion are limited to Specialized Motor Carrier Certificate No. 15465 and constitute only an interpretation of that certificate with reference to the specific inquiries made.

### SUMMARY

1. The authority to transport lime under Certificate No. 15465 is set out separately and independently from all other authority contained in that certificate and, therefore, the substance lime is not included in the general phrase "any material (other than sand) used in the construction of a flexible base. . ."

2. Assuming the validity of the grant of authority to transport lime, the language of the permit authorizes the transportation of lime to all points in Texas.

3. All lime moving under Certificate No. 15465 must originate from the location of the White Stone Lime Company near Leander, Texas, in Williamson County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by:

James M. Mabry
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice Chairman

Sarah E. Phillips
Bill Allen
Arthur Sandlin
Bill Corbusier
Thomas Sedberry

W. V. Geppert
Staff Legal Assistant

Hawthorne Phillips
Executive Assistant